# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **Ruth J. Wright, as** : | | |
| **Administrator of the Estate of** : | | |
| **Craig Wright, deceased,** : | | |
| **1930 Rosewood Drive** : | | |
| **Ontario, Ohio 44906** : | | |
| : | | |
| **Plaintiff,** : | Case No. | |
| v. : | | |
| : | Judge | |
| **Deputy Justin Ady** : | | |
| **Richland County Sheriff's Dept.** : | | |
| **c/o Gary Bishop** : | | |
| **Richland County Prosecutor** : | | |
| **38 South Park Street** : | | |
| **Mansfield, Ohio 44902** : | | |
| : | **JURY DEMAND** | |
| **and** : | **ENDORSED HEREON** | |
| : | | |
| **Richland County Bd Of Commissioners** : | | |
| **c/o Gary Bishop** : | | |
| **Richland County Prosecutor** : | | |
| **38 South Park Street** : | | |
| **Mansfield, Ohio 44902** : | | |
| : | | |
| **and** : | | |
| : | | |
| **Richland County, Ohio** : | | |
| **c/o Gary Bishop** : | | |
| **Richland County Prosecutor** : | | |
| **38 South Park Street** : | | |
| **Mansfield, Ohio 44902** : | | |
| : | | |
| **Defendants.** : | | |

# **COMPLAINT**

This case is about intentional, reckless and dangerous practices, procedures, training and policies of the Richland County Sheriff's Department regarding the use of deadly force when dealing with citizens in the midst of mental crises.

## THE PARTIES

1. Plaintiff, Ruth J. Wright, is the Administrator of the Estate of Craig Wright. Ruth Wright brings this action for the benefit of Craig Wright, his Estate, and all his family members or next of kin.

2. Defendant Deputy Justin Ady was at all times relevant to this action a law enforcement officer employed by the Richland County Sheriff's Office. Defendant Ady is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued individually and in his official capacity.

3. Defendants Richland County and the Richland County Board of Commissioners is a unit of local government organized under the laws of the state of Ohio. Defendants Richland County and the Richland County Board of Commissioners are "persons" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. At all times relevant hereto, the Richland County Sheriff's Office was an arm of Richland County, Ohio and/or the Richland County Board of Commissioners.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction in this matter pursuant to 28 U.S.C. §1331 (federal question jurisdiction). Plaintiff's Complaint alleges violations of Craig Wright's federal civil rights by the defendants acting under color of state law, in violation of 42 U.S.C. §1983.

5. Venue is proper in the Northern District of Ohio, Eastern Division, because the claims alleged herein arose in Richland County, Ohio, which is within this Judicial District.

## BACKGROUND INFORMATION AND FACTS

6. On December 3, 2020, Craig Wright was experiencing a mental health episode, and his family contacted the Richland County Sheriff's office for assistance.

7. Wright's daughter requested a welfare check on Wright, and Defendant Deputy Ady, along with a colleague, Deputy Pawlikowski, responded to Wright's residence.

8. At first, the deputies were unable to enter the home or make contact with Wright. Wright's wife, however, returned home shortly thereafter, and allowed the deputies into the home.

9. As they entered the Wright residence, one of the deputies asked Wright's wife, "Does he drink or anything?" Wright's wife responded, "Yes."

10. As they made their way up the stairs towards Wright's bedroom, one of the deputies asked Wright's wife, "Has he been drinking today then?" Wright's wife answered, "I imagine."

11. The deputies made their way to the top floor of the home, where Wright was located and where they first encountered him.

12. Wright was visibly and clearly intoxicated. Mr. Wright told the deputies that "nothing" was going on, and he just wanted to "go to bed." At this point, Wright did not present a threat to the deputies, himself or others.

13. As Wright walked back into his bedroom, Defendant Ady grabbed Wright and initiated a physical confrontation. Defendant Ady's physical confrontation forced Wright into his bedroom where Ady forced Wright onto his bed.

14. The physical confrontation initiated by Defendant Ady constituted a seizure of Wright. That physical confrontation led to a scuffle that tumbled into the bedroom. As part of that scuffle, Craig Wright's personal firearm, which he did not initially have on his person in the hallway when talking to the deputies, discharged a single time. The bullet struck Deputy Pawlikowski in the right arm creating a non-fatal wound.

15. As the scuffle continued, Defendant Ady was ultimately able to grab Wright's gun. Wright was face down on his bed with Ady on top of him.

16. While on top of Wright, Ady struck Wright three times in the back of the head with the butt of Wright's gun. Thereafter, Wright remained motionless, face down on the bed.

17. Defendant Ady then got off of Wright and moved to the doorway.

18. Defendant Ady stood in the doorway of the bedroom, with his service weapon drawn and pointed at Wright. Eventually, while still lying face down on the bed, Wright began crying out about how the love of his life had turned against him. Defendant Ady remained in the doorway, gun drawn, ordering Wright not to move, with back-up from Deputy Pawlikowski.

19. Wright eventually stood up from the bed. He stood on the far side of the bed, acting in a way that clearly indicated that he was in a mental health crisis. Wright began telling Defendant Ady that he wanted to die and began asking Defendant Ady to kill him. Wright had no weapon and there was no weapon near Wright. Wright began to slowly walk toward the door, crying and asking to die. Defendant Ady continued to point his service weapon at Wright and continued to tell Wright not to move.

20. After several minutes of weeping and emotional pleas from Wright asking to die, Wright (who was unarmed) took one obviously drunken, non-aggressive step forward in the general direction of Deputies Ady and Pawlikowski.

21. At this time, Deputy Ady knew or should have known that Craig Wright was unarmed, intoxicated, sluggish, and in the midst of a mental health crisis. He no longer posed any substantial threat to the deputies or anyone else.

22. Deputy Pawlikowski deployed his taser.

23. Defendant Ady, however, made the intentional decision to use deadly force. Defendant Ady shot Craig Wright five times, killing him.

24. Wright's autopsy was performed by the Montgomery County Chief Deputy Coroner and Forensic Pathologist. He identified the cause of death as "multiple gunshot wounds" and the manner of death as "homicide."

25. At all times relevant to this action Defendant Ady acted within the scope of his duties as a Richland County Sheriff's Deputy.

26. At all times relevant to this action, Defendant Ady acted unreasonably, negligently, recklessly, wantonly, willfully, knowingly, intentionally, and with deliberate indifference to the health, safety and rights of Craig Wright when he confronted Wright and used excessive force on him.

27. Defendant Richland County's policies, practices, customs and usages regarding the interaction of officers with mentally ill persons were the moving force behind the use of force and proximately caused Craig Wright's suffering and death.

28. Richland County has inadequate and incomplete policies regarding the use of deadly force including handling mentally ill citizens. These inadequate and incomplete policies were a moving force behind the excessive force used on Craig Wright and proximately caused his suffering and death.

29. Defendant Richland County failed to adequately train and supervise the officers to properly manage interactions with mentally ill citizens in order to minimize the use of force during such interactions.

30. At all times relevant to this case it was foreseeable that Richland County deputies would, as part of their normal duties, encounter persons such as Craig Wright who were experiencing a mental health crisis.

31. By failing to adequately train and supervise officers to properly manage interactions with mentally ill citizens, Richland County acted with deliberate indifference to the

health, safety and rights of mentally ill citizens, including Craig Wright. The failure to train and supervise officers to properly manage interactions with mentally ill citizens was a moving force behind the excessive force used on Craig Wright and proximately caused his suffering and death.

32. Richland County intentionally does not train deputies to use appropriate techniques or de-escalate encounters with individuals who have mental illness or impaired faculties to prevent the use of force, especially deadly force. Richland County intentionally does not train deputies to adjust the application of force to account for a person's mental illness.

33. Defendant Richland County has a policy, practice and custom of failing to supervise officers to reduce excessive force, and failing to train officers to resolve encounters with citizens, including mentally ill citizens, without using excessive force. That policy, practice and custom was the moving force behind the excessive force used against Craig Wright and proximately caused his suffering and death.

34. Defendant Richland County has a policy, practice and custom of failing to adequately investigate and discipline police officers who use excessive force on citizens. This policy, practice and custom was the moving force behind the excessive force used against Craig Wright and proximately caused his suffering and death.

35. Defendant Richland County ratified Defendant Ady's conduct and use of deadly force. Richland County's ratification is evidence that Richland County maintains a custom or policy that was the moving force behind Defendant Ady's unconstitutional conduct.

36. This failure to investigate and discipline the use of excessive force has led officers to believe that they are authorized to use excessive force with impunity.

37. These policies, practices, and customs directly and proximately resulted in the death of Craig Wright.

38. As a direct and proximate result of the conduct of Defendants, Craig Wright suffered physical injury, pain and suffering, emotional and psychological trauma, and eventually died as a result of the use of force described above.

39. As a further direct and proximate result of Craig Wright's wrongful death, Wright's survivors, next of kin and/or heirs have suffered permanent damages, including but not limited to, grief, depression, and severe emotional distress. They have incurred funeral bills and other expenses and will incur additional expenses in the future.

### FIRST CAUSE OF ACTION- VIOLATIONS OF 42 U.S.C. § 1983

40. Defendants have, under color of law, deprived Craig Wright of rights, privileges, and immunities secured to him by the United States Constitution, including the prohibition on unreasonable searches and seizures contained in the Fourth and Fourteenth Amendments to the United States Constitution.

41. Deputy Ady's use of force, including lethal force, against Craig Wright was unreasonable under the circumstances and violated the constitutional right of Craig Wright to be free from excessive force.

42. Deputy Ady's seizure of Mr. Wright as he attempted to get back in bed in his own house was an unreasonable seizure in violation of Mr. Wright's rights under the Fourth Amendment of the U.S. Constitution.

43. Defendants Richland County and the Richland County Board of Commissioners failed to provide an adequate policy to guide officers who encountered mentally ill citizens such as Craig Wright and failed to adequately train and supervise Defendant Ady regarding encounters with mentally ill individuals.

44. The failure to train and supervise was deliberately indifferent to the rights of individuals with mental disabilities, including Craig Wright.

45. The rules, regulations, customs, policies, practices, usages, and procedures of the Defendants were inadequate and unreasonable and were the moving force behind the constitutional deprivations suffered by Craig Wright.

### SECOND CAUSE OF ACTION – WRONGFUL DEATH AND SURVIVORSHIP

46. Plaintiff repeats and realleges the allegations set forth in the foregoing paragraphs as if fully restated herein.

47. Defendants' actions caused the wrongful death of Craig Wright resulting in damages recoverable under Chapter 2125 of the Ohio Revised Code.

48. Defendants' actions caused Craig Wright to experience conscious pain and suffering, destruction or loss of use of personal property and pre-death terror. Plaintiff hereby asserts a survival claim pursuant to R.C. 2305.21.

49. The actions of Defendants were malicious, willful, wanton, and displayed a conscious and reckless disregard for the rights and safety of Craig Wright.

### JURY DEMAND

50. Plaintiff requests a jury trial on all claims triable to a jury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court award:

A. Compensatory damages in an amount to be shown at trial;

B. Punitive damages against Defendant Ady in an amount to be shown at trial;

C. Costs incurred in this action and reasonable attorney fees under 42 U.S.C. § 1988;

D. Prejudgment interest; and

E. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

        */s/John C. Camillus*
        John C. Camillus (0077435)
        Law Offices of John C. Camillus, LLC
        P.O. Box 141410
        Columbus, Ohio  43214
        (614) 992-1000
        (614) 559-6731 (Facsimile)
        jcamillus@camilluslaw.com

        */s/Daniel R. Mordarski*
        Daniel R. Mordarski (0063228)
        LAW OFFICES OF
        DANIEL R. MORDARSKI LLC
        5 East Long Street, Suite 1100
        Columbus, Ohio  43215
        (614) 221-3200
        (614) 221-3201 – Facsimile
        dan@mordarskilaw.com

        */s/Jason Blum*
        Jason Blum (0071971)
        Blum Law Office
        52 West Whittier Street
        Columbus, Ohio  43206
        (614) 445-8416
        (614) 445-9487 (Facsimile)
        jblum@blumlawoffice.com

        Trial Attorneys for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues triable under law.

        */s/ John Camillus*
        John Camillus